UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| BARRETT ENTERPRISES GROUP, et al., | 3:12-CV-00584-LRH-WGC |
| Plaintiffs, | ORDER |
| vs. | |
| JUTHARAT PHOKPIROM, | |
| Defendant. | |

This is a contract dispute. Before the court is plaintiffs Barrett Enterprises Group, dba Moonlite Bunny Ranch and Sierra National Corporation, dba The Love Ranch's Motion for Remand of Improperly Removed Case (Doc. #10[1]) for lack of complete diversity. Defendant Jutharat Phokpirom has responded (Doc. #15, Doc. #16) and Plaintiffs have replied (Doc. #17).

**I.    Factual and Procedural History**

Plaintiffs are brothels, and Phokpirom was a "working girl" under contract with both Plaintiffs. Plaintiffs are Nevada corporations. At the time of the lawsuit's filing, Phokpirom resided and worked in Nevada. Doc. #17, p. 1. She maintained a Nevada driver's license. *Id.* Phokpirom's contracts with Plaintiffs for years 2010, 2011 and 2012 and her sheriff's work permit listed her address as 128 Fortune Drive, Dayton, Nevada. Doc. #10, Exs. 1-3. The W-9 tax forms she filled out in conjunction with her employment also list the Dayton, Nevada address. *Id.* Phokpirom's new car was registered to the Dayton, Nevada address on February 6, 2012. Doc. #17, Ex.1.

---

[1] Refers to the court's docket number.

However, Phokpirom alleges she had subjective intent to make California her home. Doc. #16, p. 2. She had a two-year relationship with Vicente Castello, commencing in mid-2010, who lived in San Jose, California. *Id.,* p. 1. Phokpirom also provides three Residential Lease agreements in both her name and Castello's name, dated March 31, 2011, August 26, 2011, and May 30, 2012, for a property at 840 Meridian Way in San Jose, California. *Id.*, Ex. A. Phokpirom offers a fourth lease agreement in both her name and a redacted name, dated October 11, 2012, for a property at a redacted address in San Jose, California. *Id.,* Ex. B.

Plaintiffs filed suit in the Third Judicial District Court of the State of Nevada in the County of Lyon on October 1, 2012. After Phokpirom was served with process on October 3, 2012, Phokpirom filed a timely Notice of Removal with the United States District Court for the District of Nevada on November 1, 2012. Plaintiffs challenge this removal on the grounds that Plaintiffs and Phokpirom are domiciled in Nevada and non-diverse for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

**II.     Legal Standard**

28 U.S.C. § 1441(a) stipulates that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Removal of a case under 28 U.S.C. § 1441 may be challenged by motion. *See* 28 U.S.C. § 1447(c). The district court must remand the case to state court if it lacks original jurisdiction. *Id.* Removal statutes are strictly construed against removal and in favor of remanding to state court. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing party faces a strong presumption against removal and bears the burden of establishing the grounds for proper removal. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996).

**III.    Discussion**

**A. Diversity Jurisdiction**

Plaintiffs and Phokpirom dispute Phokpirom's state of domicile and thus citizenship for

the purposes of diversity jurisdiction under 28 U.S.C. § 1332. A district court has original jurisdiction over actions when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. An individual's state of domicile, not residence, determines that individual's state of citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile requires both physical presence in the state and the subjective intent to make that state one's home indefinitely. *Weible v. U.S.*, 244 F.2d 158, 163 (9th Cir. 1957). Residence means living in a given locality — physical presence alone — and is not an immutable condition of domicile. *Id.*

Domicile is a mixed question of law and fact. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). When determining an individual's state of domicile, a court examines a number of factors including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* Domicile is evaluated on the basis of objective facts and statements of intent are entitled to little weight where they conflict with those objective facts. *Id.* A court examines the above factors at the time of the lawsuit's filing for the purposes of establishing a party's domicile. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980).

At the time of filing, Phokpirom maintained residence in Dayton, Nevada. Her places of employment were in Nevada. Phokpirom's car was registered in Nevada. She carried a Nevada's driver's license. The employment contracts Phokpirom supplied to her employers also provided that Phokpirom was living in Nevada. The W-9 tax forms listed the Dayton, Nevada address. These facts point to Nevada as Phokpirom's state of domicile.

Phokpirom asserts she was domiciled in California at the time of the lawsuit's filing. The only undisputed pieces of evidence Phokpirom puts forward in support of California domicile are the three leases with Castello and the bare assertion that it was her subjective intent to make California her domicile. However, Castello has called into question any objective demonstration of Phokpirom's alleged subjective intent. Castello states Phokpirom rarely stayed at the San Jose apartment, kept only a few clothing items there, and her pet did not spend a single day at the

1  apartment despite an additional fee paid to the landlord for that right. Doc. #17, p. 8.  Castello
2  also attested his plans with Phokpirom were not to live in California; instead, they were to live in
3  Thailand where Phokpirom's family resided. *Id.*, p. 9.  After the relationship between Castello
4  and Phokpirom fell apart, Phokpirom submitted paperwork to the landlord at 840 Meridian Way
5  to withdraw her name from the lease. Doc #17, Ex. 2. The paperwork, dated October 1, 2012,
6  misstated the street address of the apartment as 850 Meridian Way and misstated the number of
7  the apartment as 74 instead of 79. *Id.*

8  Finally, the fourth lease, signed after the date of filing, is immaterial for determining the
9  location of Phokpirom's domicile.  The clear weight of the evidence militates toward
10 Phokpirom's domicile in Nevada.  Phokpirom's scant and disputed evidence must yield to the
11 weight of the evidence to the contrary. Given the removing party's failure to meet her burden
12 establishing proper grounds for removal, Plaintiffs' Motion to Remand is granted.

13 **B.  Awarding Attorney's Fees**

14 Plaintiffs' request for attorney's fees in the amount of $1,500 failed to comply with Local
15 Rule 54-16.  Failure to provide the information required by this Local Rule constitutes consent to
16 the denial of the request. *See* L.R. 54-16(d).  Therefore, Plaintiffs' request for attorney's fees is
17 denied.

18 IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (Doc. #10) is
19 GRANTED, and this matter is hereby REMANDED to the Third Judicial District court of
20 Nevada.

21 IT IS FURTHER ORDERED that Plaintiffs' request for attorney's fees (Doc. #10) is
22 DENIED.

23 IT IS SO ORDERED.
24 DATED this 6th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE